# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6636 | **DATE** | MAR 23 2001 |
| **CASE TITLE** | Gayla Pressner vs. Target Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant's motion to dismiss (#9) is denied without prejudice. The plaintiff's "corrected amended complaint" (#12) is stricken. The plaintiff is granted leave to file a third amended complaint in accordance with this order within twenty-one days. The clerk is directed to provide the plaintiff with an amended employment discrimination complaint form. The defendant's request to conduct limited discovery regarding the timeliness of this lawsuit is granted.

(11) ■    **[See attached Memorandum Opinion and Order.]**

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 27 2001 | |
| √ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | | |
| mjm | courtroom deputy's initials | EO-7 FILED FOR DOCKETING 01 MAR 26 PM 2: 21 | MAR 27 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GAYLA S. PRESSNER, )
)
    Plaintiff, )
)
       v. )    00 cv 6636
)
TARGET CORPORATION )
   d/b/a MARSHALL FIELD'S, )
)
    Defendant. )

DOCKETED

MAR 27 2001

## ORDER

The plaintiff, Gayla Pressner, has brought this *pro se* civil action pursuant to 42

U.S.C. § 2000e. The plaintiff claims that the defendant, Target Corporation (doing business

as Marshall Field's) discriminated against her, in violation of Title VII of the Civil Rights

Act of 1964. More specifically, the plaintiff alleges that she was disciplined and harassed

because she is female and because she participated in protected activity (acting as a witness

in a lawsuit filed by a fellow employee). This matter is before the court for consideration of

the defendant's motion to dismiss the plaintiff's amended complaint as time-barred. For the

reasons stated in this order, the motion will be denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v.*

*City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a

claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F.Supp.2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992).

## PROCEDURAL BACKGROUND

The plaintiff is a former employee of Marshall Field's in Chicago, Illinois. On July 7, 2000, the plaintiff filed a charge of discrimination with both the U.S. Equal Employment Opportunity Commission and the Illinois Department of Human Rights. The plaintiff complained of harassment and intimidation; she also maintained that she had been discriminated against because of her sex and in retaliation for her protected activity.

On July 25, 2000, the E.E.O.C. issued its "right to sue" letter. The E.E.O.C. indicated that it was terminating its process with respect to the discrimination charge. The right-to-sue letter stated:

**TO THE PERSON AGGRIEVED**: This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT TO SUE IS LOST. (See unmarked exhibit to amended complaint; emphasis and capitals in original.)

On October 25, 2000, the plaintiff filed suit in federal court. According to the complaint, the plaintiff had received her right to sue letter on July 26, 2000 (that is, ninety-one days earlier).

The plaintiff filed an amended complaint on November 28, 2000. Although she made many changes to her original complaint, which she attached and incorporated by reference, she did not alter the date on which she had allegedly received her right-to-sue letter. (The amended complaint was missing the page on the court's *pro se* form in which the plaintiff is directed to specify the date of receipt of the right-to-sue notice.)

## DISCUSSION

Based on the record currently before the court, the court cannot find as a matter of law that the plaintiff's claims are time-barred. The date on which the plaintiff received her right-to-sue letter is a fact issue that cannot be resolved at this stage of the proceedings.

A plaintiff has ninety days from the receipt of her "right to sue" letter to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999). The ninety-day period begins to run upon the plaintiff's actual receipt of the right-to-sue notice rather than the date of the notice. *Id.*. "The time limit is not flexible,

even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp.2d

1223, 1225 (N.D. Ill. 2000), *relying on Thomas v. United Parcel Serv.*, No. 99 C 6258, 2000

WL 290279, at *2 (N.D. Ill. Mar. 17, 2000) (Kocoras, J.); *see also Wilson v. Doctors*

*Hospital of Hyde Park,* 909 F. Supp. 580, 581 (N.D. Ill. 1996) (dismissing Title VII lawsuit

filed by *pro se* plaintiff ninety-one days after her receipt of the right to sue letter); *Brown v.*

*City of Chicago*, No. 96 C 3078, 1998 WL 704278, at *3 (N.D. Ill. Sep. 30, 1998)

(Williams, J.) (holding that Title VII lawsuit filed by *pro se* plaintiff ninety-three days after

his receipt of right-to-sue letter was untimely).

On its face, the complaint appears to have been filed one day late. If the plaintiff

received her right-to-sue letter on July 26, 2000, as indicated on the pleading, then this suit

would be time-barred. But in her response to the motion to dismiss, the plaintiff contends

that the date provided on her complaint was either a typographical error or a guess on the

part of the typist. The plaintiff now claims that she received her right-to-sue letter on July

28, 2000, two days later, which would make this action timely. The plaintiff argues that it

would be "illogical" to assume next day delivery by mail.

Although the plaintiff could have easily received the letter the next day, the court

cannot resolve the timeliness issue in the context of a motion to dismiss. Fact issues are not

to be decided on a motion to dismiss. *See Smith v. Cash Store Management, Inc.*, 195 F.3d

325, 327 (7th Cir. 1999). The plaintiff asserts that she received the right-to-sue letter on July

28, 2000, and there is no signed certified mail receipt, no indication that the letter was sent

by special delivery, and no record of messenger service to contradict her assertion. Accordingly, for purposes of the motion to dismiss, the court will accept as true that the plaintiff received her right-to-sue letter three days after it was mailed to her. *Accord, see* Fed. R. Civ. P. 6(e); *Pointer v. Columbia University*, 1997 WL 86387, *2 (S.D. N.Y. 1997); *Olds v. Alamo Group (KS), Inc.*, 889 F. Supp. 447, 450 (D. Kan. 1995). *Contrast Morell v. U.S.*, 91 F. Supp.2d 451, 456 (D. R.I. 2000) (plaintiff's explanation that his mistake was a typographical error was unsatisfactory where his assertions conflicted with earlier testimony under oath); *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703 (3rd Cir. 1988) (district court disregarded conflicting evidence where no explanation was offered for contradictions with prior sworn testimony and where the new statements were made only after the plaintiff "faced almost certain defeat in summary judgment.")

In sum, the court will accept as true, at this stage of the proceedings, that the plaintiff received her right-to-sue letter on July 28, 2000. The court therefore makes a preliminary ruling that this suit was timely filed within ninety days thereafter. Because the court has determined that the plaintiff met the statutory filing deadline, the court need not, at this time, address the parties' arguments concerning whether the plaintiff is entitled to equitable tolling because another litigant's attorney urged her to wait to file suit until several pending discrimination cases against the same employer were mediated.

Although the court is denying the motion to dismiss, this ruling does not preclude the defendant from re-raising the issue of timeliness in a motion for summary judgment or at

trial should evidence come to light that the plaintiff, in fact, received her right-to-sue notice on July 25, 2000.  The defendant specifically requests the opportunity to conduct limited discovery regarding the timeliness of the plaintiff's complaint.  The defendant believes that the right-to-sue letter was sent by certified mail and that the U.S. Postal Service may have records that will definitively establish the date of receipt.  *See Comer v. Interstate United Corp.*, 118 F.R.D. 79, 82-82 (N.D. Ill. 1987).  The motion is granted. The defendant is granted leave to conduct limited discovery relating to the date the plaintiff received her right-to-sue letter.

Turning to the plaintiff's improperly filed "corrected amended complaint," the document must be stricken.  First, the plaintiff did not seek or obtain leave of court to file the second amended complaint, as required by Fed. R. Civ. P. 15(a).  Moreover, the court already advised the plaintiff that she could neither sue defendants who were not named as respondents in the proceedings before the Equal Employment Opportunity Commission, *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991), nor raise claims unrelated to the allegations in the E.E.O.C. charge, *McKenzie v. Illinois Dept. of Trans.*, 92 F.3d 473, 481 (7th Cir. 1996).  *See* Minute Order of November 7, 2000.  The second amended complaint is unacceptable.

The plaintiff may file a third amended complaint correcting the date she received her right-to-sue letter.  The plaintiff is cautioned that in signing her pleadings and motions, she is affirmatively expressing to the court that any representations she makes in her court

filings are true to the best of her knowledge. *See* Fed. R. Civ. P. 11(b). The plaintiff should fill out all forms carefully, answering all questions completely and forthrightly. In the future, the plaintiff should be mindful to proof-read her documents to ensure their factual accuracy.

## CONCLUSION

IT IS THEREFORE ORDERED, for the reasons set forth in the preceding paragraphs, that: (1) the defendant's motion to dismiss [#9] is denied without prejudice; (2) the plaintiff's "corrected amended complaint" [#12] is stricken; (3) the plaintiff is granted leave to file a third amended complaint correcting any typographical errors within twenty-one days; and (4) the defendant's request to conduct limited discovery regarding the timeliness of this lawsuit is granted.

ENTER:

Blanche M. Manning

Blanche M. Manning

United States District Court

Dated: MAR 2 3 2001